IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JUSTO PASTOR RODRIGUEZ RODRIGUEZ**  **PETITIONER**

**v.**  **CIVIL ACTION NO. 5:17-cv-13-DCB-MTP**

**WARDEN DAVE BERKEBILE, ET AL.**  **RESPONDENT**

### REPORT AND RECOMMENDATIONS

BEFORE THE COURT is the *pro se* Petition of Justo Pastor Rodriguez Rodriguez for a writ of habeas corpus under 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be DENIED.

### BACKGROUND

On January 15, 2009, Petitioner was sentenced in the United States District Court for the Western District of Louisiana for aggravated illegal reentry following deportation. ([8-1] at 1). He was sentenced to a 120-month term of imprisonment and five years of post-release supervision. ([8-1]) at 1). In his Petition [1], Petitioner asserts that Respondents have denied his requests to be placed in a "Halfway House," which is also known as a Residual Reentry Center ("RRC"). According to Petitioner, he does not have an immigration detainer and is entitled to be housed in a RRC. Petitioner argues that Respondents' refusal to place him in a RRC represents a violation of his rights under the Equal Protection Clause of the United States Constitution. He also asserts a civil rights claim under 42 U.S.C. § 1983 for the deprivation of his rights, which is presumably a claim based on the Due Process Clause.

### ANALYSIS

It appears that Petitioner is attempting to bring this action as a habeas corpus petition and a civil rights suit. When an action challenges the facts or duration of an inmate's confinement, it

1

is a habeas corpus matter. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). On the other hand, an inmate's challenge to the conditions of confinement is properly pursued as a civil rights challenge under § 1983 or *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Cook v. Texas Dep't. of Crim. Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994). Generally, if a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).

In this action, Petitioner is not seeking immediate release from custody but seeks a transfer to a RRC. Thus, it appears that the proper vehicle for raising Petitioner's claims would be a civil rights suit. *Id.*; *see also, Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed under section 1983 or *Bivens*.").[1] Moreover, as explained below, even if the Court allowed Petitioner to pursue his claims as a habeas action, he would not be entitled to any relief.

Petitioner also asserts a civil rights claim. Specifically, he asserts a claim under § 1983 for the deprivation of his rights. However, "federal officials, acting under color of federal law rather than state law, are not subject to suit under § 1983." *Resident Council of Allen Parkway Village v. United States*, 980 F.2d 1043, 1053 (5th Cir. 1993).

---

[1] The undersigned notes that some courts have allowed inmates to use a § 2241 habeas action to challenge the denial of RRC placement because those courts determined that confinement in a traditional federal prison is "qualitatively different" from RRC confinement. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005); *Kraft v. Cruz*, 2010 WL 882993, at *2 (N.D. Tex. Mar. 9, 2010); *Turner v. Chester*, 2011 WL 2731760, at *3 (D. Kan. July 13, 2011).

The Court may construe Petitioner's claim as a *Bivens* action. "A *Bivens* action is analogous to an action under § 1983 except that § 1983 applies to constitutional violations by state, rather than federal actors; this court does not distinguish between *Bivens* and § 1983 claims." *Murrell v. Chandler*, 277 Fed. App'x. 341, 343 (5th Cir. 2008). Petitioner, however, is not entitled to any relief under *Bivens*.

Petitioner asserts that he does not have an immigration detainer and is entitled to be housed in a RRC. The record, however, demonstrates that on July 9, 2010, Immigration and Customs Enforcement issued an immigration detainer on Petitioner. ([8-3] at 1). Moreover, prison officials have discretion over inmate classifications, and inmates have no legitimate due process claim[2] regarding these decisions. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976).

The Bureau of Prisons ("BOP") uses a system of Public Safety Factors as an aid to determine the level of security necessary for a particular inmate. *See* BOP Program Statement 5100.08, Ch. 5, pp. 8-11. Petitioner is a citizen of Honduras and is classified as deportable. ([8-1]; at 3; [8-2]; [8-3]). The BOP assigns a Public Safety Factor ("PSF") of "Deportable Alien" to inmates who are not citizens of the United States. *See* BOP Program Statement 5100.08, Ch. 5, p. 9. The designation of "Deportable Alien" requires an inmate be housed in an institution with a security level of no less than "Low."[3] A RRC is considered a minimum security facility; therefore, an inmate who cannot be housed in a minimum security facility is ineligible for a transfer to a RRC.

---

[2] In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall Co.*, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

[3] BOP institutions are classified into five security levels: Minimum, Low, Medium, High, and Administrative. *See* BOP Program Statement 5100.08, Ch. 1, p. 1.

The BOP's decision to classify Petitioner as a "Deportable Alien," does not give rise to a constitutional claim. *See*, *e.g.*, *Perez v. Lappin*, 672 F. Supp. 2d 35 (D.D.C. 2009); *see also Phuong Dong Duong v. Martin*, 2014 WL 1665012, *2 (S.D. Miss. Apr. 25, 2014) (holding that petitioner's security classification of "Deportable Alien" did not implicate any constitutional interest). The United States Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right . . . . The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody*, 429 U.S. at 88.

A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). An inmate's classification and the resulting ineligibility for certain programs do not impose an atypical and significant hardship. *See Becerra v. Miner*, 248 Fed. App'x. 368, 370 (3rd Cir. 2007) ("Being classified with a PSF of deportable alien and its resulting consequences of disqualification for certain programs, as with any other security classification, is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.").

Petitioner also raises a claim based on the Equal Protection Clause. Petitioner asserts that because he is Hispanic, Respondents treated him differently than others by not transferring him to a RRC. To state an equal protection claim, a party's allegations must satisfy two prongs: (1) that he received treatment differently for that received by similarly situated individuals and (2) that the unequal treatment stemmed from a discriminatory intent. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Petitioner has failed to provide support for his conclusory statement

that he has been excluded from placement in a RRC because of his race. The record demonstrates that Petitioner is ineligible for a transfer to a RRC because he is classified as a deportable alien, not because he is Hispanic. Additionally, the Fifth Circuit has held that "prisoners with immigration detainers . . . cannot show that exclusion for rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012).[4]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the relief sought in the Petition [1] be denied and that this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

---

[4] Petitioner also mentions a class-of-one equal protection claim. Such a claim lies "where the plaintiff alleges that she has been intentionally treated differently from other similarly situated and the there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Fifth Circuit has specifically held that "the determination that ICE detainees are ineligible to participate is prerelease halfway house confinement is rationally related to preventing those detainees from fleeing during the community-based portion of those programs." *Gallegos-Hernandez*, 688 F.3d at 196.

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 10th day of September, 2018.

s/ Michael T. Parker
United States Magistrate Judge
