```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                              WESTERN DIVISION


JUSTO PASTOR RODRIGUEZ RODRIGUEZ                              PETITIONER

V.                              CAUSE ACTION NO. 5:17-CV-13-DCB-MTP

WARDEN DAVE BERKEBILE, ET AL.                                RESPONDENTS
```

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Before the Court is the <u>pro se</u> Petition of Justo Pastor Rodriguez Rodriguez **[Doc. 1]** for a writ of habeas corpus under 28 U.S.C. § 2241; and on United States Magistrate Judge Michael T. Parker's Report and Recommendation **[Doc. 10]**, to which no objection was filed by Plaintiff. This Court ADOPTS the Report and Recommendation and DENIES the Petition **[Doc. 1]** and DISMISSES the action WITH PREJUDICE.

Magistrate Judge Parker's Report and Recommendation recommends "that the relief sought in the Petition[1] be denied and that this action be dismissed with prejudice." Doc. 10, p.5. Petitioner alleges that Respondents denied his requests to be placed in a "Halfway House," also known as a Residual Reentry Center ("RRC"). Doc. 1, p.2. Petitioner argues that Respondents' refusal to place him in a RRC represents a violation of his rights under the Equal Protection Clause of the United States Constitution. Doc. 1, p.6. He also asserts a civil rights claim

under 42 U.S.C. § 1983 for the deprivation of his rights, which presumably is a claim based on the Due Process Clause. Doc. 1, p.6.

**Background**

On January 15, 2009, Petitioner was sentenced in the United States District Court for the Western District of Louisiana for aggravated reentry following deportation. Doc. 8-1, p.1. He was sentenced to a 120-month term of imprisonment and five years of post-release supervision. Doc. 8-1, p.1.

**Analysis**

It appears that Petitioner is attempting to bring this action as a habeas corpus petition and a civil rights suit. See Doc. 1. Any challenge to the fact or duration of a prisoner's confinement is a habeas corpus matter. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). Whereas, a prisoner's challenge to conditions of confinement is properly treated as a Section 1983 matter or Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Id.; see Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). A simple, bright-line rule for determining which procedural path a prisoner should pursue is if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a Section 1983 suit. Carson v. Johnson, 112 F.3d 818, 820-821 (5th Cir. 1997).

Here, Petitioner is not seeking an immediate release from custody. Instead, Petitioner seeks a transfer to a RRC. Therefore, the proper vehicle for Petitioner's claims is a Section 1983 suit. Id. However, "federal officials, acting under color of federal law rather than state law, are not subject to suit under [Section] 1983." Resident Council of Allen Parkway Village v. U.S. Dep't of Hous. & Urban Dev., 980 F.2d 1043, 1053 (5th Cir. 1993)(citing Broadway v. Block, 694 F.2d 979 (5th Cir. 1982)).

The Court may construe Petitioner's claims as a Bivens action: "A Bivens action is analogous to an action under [Section] 1983 except that [section] 1983 applies to constitutional violations by state, rather than federal actors; this court does not distinguish between Bivens and [Section] 1983 claims." Murrell v. Chandler, 277 Fed. App'x 341, 343 (5th Cir. 2008)(citing Izen v. Catalina, 398 F.3d 363, 367 n.3 (5th Cir. 2005)).

Petitioner claims he does not have an Immigration Detainer. Doc. 1, p.3. The record, however, demonstrates that on July 9, 2010, Immigration and Customs Enforcement issued an immigration detainer on Petitioner. Doc. 8-3. Prison officials have discretion over inmate classifications, and inmates have no legitimate due process claim regarding these decisions. Moody v. Daggett, 429 U.S. 78, 88 (1976); see Doc. 10, p.3, n.2.

The Bureau of Prisons ("BOP") uses a system of Public Safety Factors as an aid to determine the level of security necessary for a particular inmate. BOP Program Statement 5100.08, Ch. 5, pp.7–13. Petitioner is a citizen of Honduras and is classified as deportable. Doc. 8-1, p.3; Doc. 8-2; Doc. 8-3. The BOP assigns a Public Safety Factor ("PSF") of "Deportable Alien" to inmates who are not citizens of the United States. BOP Program Statement 5100.08, Ch. 5, pp.7–13. The designation of "Deportable Alien" requires that an inmate be housed in at least a Low security level institution. BOP Program Statement 5100.08, Ch. 5, pp.9, 13. BOP institutions are classified into five security levels: Minimum, Low, Medium, High, and Administrative. BOP Program Statement 5100.08, Ch. 1, p.1. A RRC is considered a minimum security facility. See Phuong Dong Duong v. Martin, 2014 WL 1665012, at *2 (S.D. Miss. 2014)("A halfway house or RRC is considered a minimum security facility; therefore, an inmate who cannot be housed in a minimum security facility is ineligible for [a minimum security housing program]."). Therefore, an inmate who cannot be housed in a minimum security facility is ineligible for a transfer to a RRC. Id.

The BOP's decision to classify Petitioner as a "Deportable Alien," does not give rise to a constitutional claim. Id. (holding that inmate has no constitutional right to participate in a rehabilitation program). The United States Supreme Court has

4

"rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. . . . The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system." Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).

A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). An inmate's classification and the resulting ineligibility for certain programs do not impose an atypical and significant hardship. See Becerra v. Miner, 248 Fed. App'x 368, 370 (3rd Cir. 2007)("Being classified with a PSF of deportable alien and its resulting consequences of disqualification for certain programs, as with any other security classification, is not outside what a prisoner may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.").

Petitioner also raises a claim based on the Equal Protection Clause. Petitioner asserts that because he is Hispanic, Respondents treated him differently than others by not transferring him to a RRC. To state an equal protection claim, a party's allegations must satisfy two prongs: (1) that he received

5

treatment differently than treatment received by similarly situated individuals; and (2) that the unequal treatment stemmed from a discriminatory intent. Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Petitioner has failed to provide support for his conclusory statement that he has been excluded from placement in a RRC because of his race. The record demonstrates that Petitioner is ineligible for a transfer to a RRC because he is classified as a Deportable Alien, not because he is Hispanic. Additionally, the Fifth Circuit has held that prisoners with immigration detainers "cannot show that exclusion for rehabilitation programs, or from halfway house placement, establishes that alien prisoners, as an identifiable group, are being treated differently from other similarly situated prisoners who are not aliens." Gallegos-Herandez v. U.S., 688 F.3d 190, 195 (5th Cir. 2012).

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation **[Doc. 10]** is ADOPTED; the Petition **[Doc. 1]** is DENIED; and the action is DISMISSED WITH PREJUDICE. A final judgment will follow.

SO ORDERED this the 6th day of December, 2018.

                                                /s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE